**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-26364-cv-JTK**

**TAMBRIZ AJPOP**,
Plaintiff,
v.

**SOUTH FLORIDA DETENTION CENTER**,

Defendant.
_______________________________________/

**ORDER**

**THIS CAUSE** comes before the Court *sua sponte* on the Petition of Tambriz Ajpop for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "**Petition**") [ECF 1]. Immigration and Customs Enforcement has detained the petitioner, an alien, whose Petition is difficult to understand, since it does not describe the circumstances of his confinement in relation to supporting legal arguments for release. *See generally id.* Rather, Petitioner only claims that he has been detained since July 19, 2026 and requests the court to review the legality of his detention which Petitioner alleges is in violation of the "constitutional laws of the United State[s]". *Id.* In short, Petitioner appears to make only vague and unclear constitutional claims and therefore the Petition is **DENIED**.

Section 2243 authorizes courts to deny legally insufficient petitions for habeas corpus without ordering responsive briefing. *See* 28 U.S.C. § 2243 ("A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or . . . direct[] the respondent to show cause why the writ should not be granted, ***unless*** it appears from the application that the applicant . . . is not entitled thereto."); *see also Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011)

("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face . . . .") (quoting *McFarland v. Scott*, 512 U.S. 849, 856 (1994))).

The Fifth Amendment bars the government from indefinitely detaining aliens who do not appear to be removable. *See Zadvydas*, 533 U.S. at 690–96. To state a *Zadvydas* claim, a petitioner must: "(1) show that he's been detained for more than six months; and (2) establish that there's no significant likelihood of removal in the foreseeable future." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

Critically, Petitioner fails to set forth any factual basis that could support a determination that his detention is unlawful at this time. Petitioner's detention is far from exceeding the presumptively reasonable six-month period contemplated in *Zadvydas*. *See* 533 U.S. at 701. Thus, the Court finds that Petitioner's claim of unlawful detention is legally insufficient on its face.

**ORDERED AND ADJUDGED** that the Petition [ECF 1] is **DENIED WITHOUT PREJUDICE**. Should Petitioner file an amended petition, he must do so by **October 1, 2026**. Otherwise, the Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** all pending motions.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida on this 17th day of September 2026.

JEFFREY T. KUNTZ
UNITED STATES DISTRICT JUDGE

cc: Copies furnished to counsel via CM/ECF
Copies furnished to pro se parties via CM/ECF